# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DERRELL LEE CHRISTY,<br><br>                      Petitioner,<br>    v.<br>HOWELL, et al.,<br><br>                      Respondents. | Case No. 2:20-cv-01674-GMN-EJY<br><br>**ORDER** |

       Petitioner Derrell Lee Christy, a Nevada state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus (ECF No. 1-1) pursuant to 28 U.S.C. § 2241.  Currently before the Court is Christy's Application to Proceed *In Forma Pauperis* (ECF No. 1).

       Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court.  A federal district court may authorize a person to begin an action without prepaying fees and costs if the person submits an IFP application on the approved form along with the appropriate supporting documentation.  28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

       Although Christy submitted the required form, the supporting documents show he is able to pay the $5.00 filing fee.  Thus, Christy does not qualify for a fee waiver.  The Court therefore denies his IFP application and gives Christy 45 days to pay the filing fee.

       Additionally, Christy has not filed his petition on the appropriate form or in substantial compliance with the form.  His petition (ECF No. 1-1) indicates it was filed under 28 U.S.C. § 2241.  However, he is in custody pursuant to a state court judgment of conviction, so the only proper basis for his claims is 28 U.S.C. § 2254.  *See White v. Lambert*, 370 F.3d 1002, 1005–07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc).  The form is important as it provides the Court with necessary information to conduct preliminary review of the petition.  Christy must therefore file an amended petition on the § 2254 form for state prisoners.  In doing so, Christy is advised to follow the instructions on the

form and to refrain from lengthy legal or factual argument. The amended petition must be a complete document in and of itself and will supersede the original petition in its entirety. Any allegations or requests for relief from prior papers that are not carried forward in the amended petition will not be considered.

**IT IS THEREFORE ORDERED:**

1. Petitioner Derrell Lee Christy's Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED.

2. By **November 30, 2020**, Christy must (a) pay the $5.00 filing fee; and (b) file an amended petition that corrects the noted deficiencies.[1]

3. The Clerk of Court is instructed to MAIL Christy *two* copies of this order and the form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with instructions. Christy must make the necessary arrangements to have a copy of this order attached to the check for the filing fee.

4. Christy must clearly title the amended petition as such by writing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on the first page, and including 2:20-cv-01674-GMN-EJY in the space for the case number ("CASE NO.").

5. The initial screening of Christy's petition for writ of habeas corpus under the Rules Governing Section 2254 Cases is deferred to until such time as he has fully complied with this order.

6. Failure to timely comply with this order will result in the dismissal of this action without further advance notice.

DATED: October 15, 2020

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

[1] Christy at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. By ordering Christy to amend his petition, the Court makes no finding or representation that either the original or amended petition will be considered timely.