UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DERRELL LEE CHRISTY, | Case No. 2:20-cv-01674-GMN-EJY |
| Petitioner, | |
| v. | **ORDER** |
| HOWELL, et al., | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Derrell Lee Christy's failure to comply with the Court's Order (ECF No. 3) by paying the filing fee.

Christy submitted a Petition for Writ of Habeas Corpus (ECF No. 1-1)[1] in September 2020, along with an Application to Proceed *in Forma Pauperis* ("IFP") (ECF No. 1). On October 15, 2020, the Court denied his IFP application because it showed his ability to pay the $5 filing fee. (ECF No. 3.) He was therefore ordered to pay $5 by November 30, 2020, and was warned that his failure to comply with the order would result in the dismissal of this action without further advance notice. (*Id.*) The deadline expired last month. To date, Christy has not paid the $5 filing fee or requested an extension of time.[2]

---

[1] The Court takes judicial notice of the proceedings in Christy's criminal and post-conviction matters in the Eighth Judicial District Court and Nevada appellate courts. The docket records of these courts may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Christy's amended judgment of conviction was entered in June 2017. He appealed but the conviction became final on May 15, 2018, and the federal statute of limitations under 28 U.S.C. § 2244(d)(1) began to run the following day. Christy indicates, and the state court records reflect, that he filed a state petition seeking post-conviction relief on December 3, 2018, tolling the federal clock. Those proceedings concluded when a remittitur was entered on June 9, 2020, restarting the federal clock the following day. As such, it appears that Christy has until February 18, 2020, to file a timely federal petition, and dismissal without prejudice in this case will not cause substantial prejudice or materially impact a statute-of-limitations analysis in a promptly filed new action. By providing this preliminary calculation, the Court makes no finding or representation that a later-filed petition will be considered timely. Christy at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims.

[2] The order also instructed Christy to amend his petition because it was filed on a form invoking jurisdiction under 28 U.S.C. § 2241, while the only proper basis for his claim is 28 U.S.C. § 2254. (ECF No. 3 at 2–

**IT IS THEREFORE ORDERED:**

1. Petitioner Derrell Lee Christy's Amended Petition for Writ of Habeas Corpus (ECF No. 4) is DISMISSED WITHOUT PREJUDICE based his on failure to comply with the Court's Order (ECF No. 3) by paying the filing fee.

2. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office.  No response is required from Respondents other than to respond to any orders of a reviewing court.

3. The Clerk of Court is instructed to enter final judgment accordingly and close this case.

DATED: December 18, 2020

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

3.) The docket entry text related to the order indicates that the clerk's office mistakenly mailed Christy two blank § 2241 petition forms, and he then filed his Amended Petition (ECF No. 4) on the incorrect § 2241 form.  Should Christy decide to initiate another federal habeas action challenging his Nevada conviction, he is informed that he must file under § 2254.