# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DERRELL LEE CHRISTY, | Case No. 2:20-cv-01674-GMN-EJY |
| Petitioner, | |
| v. | **ORDER** |
| HOWELL, et al., | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Derrell Lee Christy's Motion for Reconsideration (ECF No. 8).

Christy submitted a Petition for Writ of Habeas Corpus (ECF No. 1-1) in September 2020, along with an Application to Proceed *in Forma Pauperis* ("IFP") (ECF No. 1). On October 15, 2020, the Court denied his IFP application because it showed his ability to pay the $5 filing fee. (ECF No. 3.) He was therefore ordered to pay $5 by November 30, 2020, and was warned that his failure to comply with the order would result in the dismissal of this action without further advance notice. (*Id.*) The deadline expired without Christy paying the $5 filing fee or requesting an extension of time. Accordingly, on December 18, 2020, the Court entered an Order (ECF No. 5) dismissing Christy's petition without prejudice based his on failure to comply with the Court's order to pay the filing fee. An Amended Order (ECF No. 7) was entered three days later to correct a scrivener's error in a footnote.

Christy's current motion represents that he signed a "brass slip" directing the prison to send the $5 fee to this Court and his monthly statement shows that $5 was deducted. As such, he asks the Court to look into this matter.[1]

---

[1] Christy also asks the Court to "acknowledge they were wrong giving me a 28 U.S.C. § 2241 when the proper basis for my claim is 28 U.S.C. § 2254" and to send him the correct form along with a copy of his petition. (ECF No. 8.) The Court specifically ordered the clerk's office to send Christy "the form petition for a writ of habeas corpus *pursuant to 28 U.S.C. § 2254* along with instructions." (ECF No. 3 at 2 (emphasis added).) However, that did not occur, and the Court acknowledged the mistake in the dismissal orders. (ECF Nos. 5 & 7 at n.2 (noting that "the clerk's office *mistakenly mailed Christy two blank § 2241 petition*

1

Typically, the Nevada Department of Corrections ("NDOC") deducts funds from a prisoner's trust account and sends payments to the finance department in the clerk's office. The clerk's office then files a copy of the receipt of payment on the docket. No receipt was filed in this case; thus, the petition was dismissed. At Christy's request, the Court contacted the finance department and inquired whether Christy's $5 filing fee was received from NDOC but not reflected with a receipt on the docket. The finance department confirmed that no payment has been received from NDOC on Christy's behalf. Christy must contact the appropriate prison officials if he believes funds were erroneously deducted from his trust account.[2] For these reasons, the motion is denied.

**IT IS THEREFORE ORDERED:**

1. Petitioner Derrell Lee Christy's Motion for Reconsideration (ECF No. 8) is DENIED.
2. The Clerk of Court is instructed to send Christy: (a) *two* copies of this order, (b) *two* copies of the form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and (c) *one* copy of Christy's amended petition for writ of habeas corpus (ECF No. 4).

DATED: January 13, 2021

                                      GLORIA M. NAVARRO
                                      UNITED STATES DISTRICT JUDGE

---

*forms*") (emphasis added).) This order directs the clerk's office to send Christy two *§ 2254 petition forms* along with a copy of his amended petition.

[2] As noted in the dismissal orders (ECF Nos. 5 & 7 an n.1), it appears that Christy has until February 18, 2020, to file a timely federal petition. However, Christy at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, and by providing a preliminary calculation, the Court made no finding or representation regarding the timeliness of a later-filed petition.